**Rosie Nell HOLCOMB, as Administratrix of the Estate of Barbara Jean Smith, deceased, Plaintiff–Appellant,**

v.

**Paul P. MONAHAN, M.D., Defendant,**

**Humana Medical Corporation, Inc., d/b/a Humana Hospital–Montgomery, Defendant–Appellee.**

No. 93–6762.

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1994.

Tom Dutton, Pittman, Hooks, Marsh, Dutton & Hollis, Birmingham, AL, for appellant.

Les Hayes, III, Melton, Espy, Williams & Hayes, Montgomery, AL, for appellee.

Before EDMONDSON and CARNES, Circuit Judges, and HENDERSON, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This case involves the Emergency Medical Treatment and Active Labor Act ("EMTA-LA"), 42 U.S.C. § 1395dd, *et seq.* Plaintiff, administratrix of the estate of Barbara Jean

Smith, alleges that Humana's treatment of Smith violated sections 1395dd(a) and (b) of the Act. The district court granted Defendant–Humana's motion for summary judgment on both claims under Fed.R.Civ.Pro. 56(c).[1] We affirm the judgment.

Section 1395dd(a) of EMTALA requires hospitals to provide persons requiring emergency medical treatment with "an appropriate medical screening examination." The Act does not define "appropriate medical screening." But, the congressional purpose behind the enactment of EMTALA[2] supports the conclusion that this language only requires a hospital to provide indigent patients with a medical screening similar to one which they would provide any other patient. *Cleland v. Bronson Health Care Group, Inc.,* 917 F.2d 266 (6th Cir.1990); *Gatewood v. Washington Healthcare Corp.,* 933 F.2d 1037, 1041 (D.C.Cir.1991).

We reject Plaintiff's argument that the "appropriateness" of the screening should be determined by its adequacy in identifying the patient's illness. Section 1395dd(a) is not designed to redress a negligent diagnosis by the hospital; no federal malpractice claims are created. As long as a hospital applies the same screening procedures to indigent patients which it applies to paying patients, the hospital does not violate this section of the Act. As the district court noted, no evidence suggests that Humana treated Ms. Smith differently from other patients. *Holcomb,* 831 F.Supp. at 834. Thus, Humana was entitled to summary judgment on the section 1395dd(a) claim.

Plaintiff also alleges that Humana violated section 1395dd(b) which says that after a hospital determines that a person suffers from an "emergency medical condition" it must provide whatever treatment, within its capabilities, is needed to stabilize the condition before transferring or discharging the

patient.[3] 42 U.S.C. § 1395dd(b). To succeed on a section 1395dd(b) claim, a plaintiff must present evidence that the patient had an emergency medical condition, the hospital knew of the condition, the patient was not stabilized before being transferred, and the hospital neither obtained the patient's consent to transfer nor completed a certificate indicating the transfer would be beneficial to the patient and was appropriate. *Baber v. Hosp. Corp. of America,* 977 F.2d 872, 883 (4th Cir.1992). In this case, Plaintiff failed to provide evidence either that Smith was in an emergency medical condition when discharged or that Humana knew of the emergency condition. That Smith, at the time of discharge, told the doctors she was feeling better and that her vital signs had stabilized are undisputed. Humana was entitled to summary judgment on Plaintiff's section 1395dd(b) claim.

The judgment of the district court is AFFIRMED.

---

1. The facts of the case are undisputed and are contained in the district court opinion. *See Holcomb v. Humana Medical Corp.,* 831 F.Supp. 829 (M.D.Ala.1993).

2. Congress enacted EMTALA to prevent "patient dumping" (the practice whereby private hospital emergency rooms refuse to treat indigent patients by transferring them to public hospitals or

turning them away). H.R.Rep. No. 241, 99th Cong., 1st Sess., pt. 3 at 5 (1986) *reprinted in* 1986 U.S.C.C.A.N. 579.

3. An emergency medical condition is defined as one "manifesting itself by acute symptoms of sufficient severity (including severe pain) ...". 42 U.S.C. § 1395dd(e)(1).